# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **LARRY GAIL JONES, JR.,** | ) | |
| Plaintiff, | ) | Case No. 7:15CV00377 |
| v. | ) | **OPINION** |
| **BLUE RIDGE REGIONAL JAIL AUTHORITY,** | ) | By: James P. Jones<br>United States District Judge |
| Defendant. | ) | |

*Larry Gail Jones, Jr., Pro Se Plaintiff.*

Larry Gail Jones, Jr., a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that jail officials did not adequately accommodate his religious diet during Ramadan. Jones has also filed a motion for leave to amend to state a claim for damages, which I will grant. Upon review of Jones' submissions as amended, however, I conclude that the action must be summarily dismissed.

I

In June 2015, Jones was an inmate in Lynchburg Adult Detention Center, a jail facility operated by the Blue Ridge Regional Jail Authority ("BRRJA"). Jones filed a request form stating:

> I would like to be signed up to participate in the fast during the Holy Month of Ramadan. I would like to remain on a Vegan diet during this period. This is to accommodate my right to be on the Vegan and my First Amendment right to practice religion freely. So please send an adequate substitute for the eggs that come in the bag with the evening meal.

(V.S. 2, ECF No. 2.) The responding official denied the request, stating: "If you participate in Ramadan — you will have to pick" which of two available "Ramadan diet[s] you want to be on." (*Id.*) Jones repeated his request in a grievance and a grievance appeal, with the same result. The responding official on appeal stated: "It is my understanding that you chose to observe Ramadan and have selected the Sunni meals. You have no constitutional right to a vegan tray. . . . [Y]ou will not be permitted to modify a religious diet to suit your taste or preference." (Id. at 3.)

Jones then filed this civil action against the BRRJA, stating that jail officials had told him he would "have to relinquish [his] vegan diet in order to . . . fast during the Islamic Month of Ramadan." (Compl. 2, ECF No. 1.) Jones states that because the jail "does not offer a vegan alternative for Muslims fasting" for Ramadan, he was "forced to eat meat during this period." (*Id.*) He further complains that "Muslim beliefs are being treated as inferior to Christian belief[s]." (*Id.*) Jones sought injunctive relief directing BRRJA to accommodate Muslim inmates who are vegan during Ramadan and later moved to amend his complaint to

-2-

Case 7:15-cv-00377-JPJ-RSB   Document 16   Filed 10/20/15   Page 2 of 5   Pageid#: 89

state a claim for damages, based on officials' failure to provide this accommodation during Ramadan 2015.

II

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To state a claim, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

Inmates "clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted). This principle applies to prison "policies that impose a substantial burden on a prisoner's right to practice his religion." *Wall v. Wade*, 741 F.3d 492, 498 (4th Cir. 2014) (citing *Lovelace v. Lee*, 472 F.3d 174, 198 & n.8 (4th Cir. 2006)). However, "[o]nly beliefs rooted in religion are protected by the Free Exercise Clause, which, by its terms, gives special protection to the exercise of religion." *Thomas v. Review Bd. of the Ind. Emp't Sec. Div.*, 450 U.S. 707, 713 (1981). Similarly, only when a governmental action places a "substantial burden" on religious practice

does the First Amendment protection apply. *Wall*, 741 F.3d at 498. A substantial burden is one that puts "substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Thomas*, 450 U.S. at 718; *see, e.g., Frazier v. Ferguson*, No. 04-5140, 2006 WL 2052421, at *4 (W.D. Ark. 2006) (finding no substantial burden on Seventh-day Adventist inmate who had to discard some items from proffered vegetarian diet that were at odds with his religious vegan diet).

Jones fails to allege any facts on which he could prove that the Sunni Ramadan meals he ate for one month substantially burdened his sincere religious beliefs. Indeed, he does not state the particular sect of Islam to which he adheres or present any religious basis for his desire to maintain a vegan diet. His personal preference to eat no dairy products or meat is not protected by the Free Exercise Clause. Moreover, Jones states no facts concerning how the Sunni Ramadan meals, which he selected from the Ramadan options provided by jail officials, substantially pressured him to violate his religious dietary beliefs. These meals clearly accommodated Jones' desire to practice the Ramadan daytime fasting ritual. Furthermore, he fails to show why he was unable to comply with his vegan diet preference during the month of Ramadan, merely by discarding food items not consistent with a vegan regimen. As Jones' complaint thus does not offer sufficient factual allegations to support a plausible claim that the short-lived dietary accommodation he challenges placed a substantial burden on his sincere

-4-

Case 7:15-cv-00377-JPJ-RSB   Document 16   Filed 10/20/15   Page 4 of 5   Pageid#: 91

religious beliefs, I conclude that this action must be summarily dismissed without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim.

A separate Order will be entered herewith.

DATED: October 20, 2015

/s/ James P. Jones
United States District Judge